UNITED STATES DISTRICT COURT
~~SOUTHERN~~ DISTRICT OF NEW YORK
EASTERN



SHAWN O. SMITH II ,
Plaintiff,

v.

CITY OF NEW YORK;
NEW YORK CITY DEPARTMENT OF CORRECTION;
CAPTAIN BIGGS;
CAPTAIN OLANIYAN;
ASSISTANT DEPUTY WARDEN SANTIAGO;
DEPUTY WARDEN WILLIAM PAYNE JR.,
HMD MEDICAL OFFICER (Name Unknown);
PATRICIA ARMAND, PERSONNEL SUPERVISOR – OBCC;
THE SPECIAL MANAGEMENT AND REASSIGNMENT TEAM (SMART);
DOC EEO OFFICE;
JOHN AND JANE DOES 1–10,
Defendants.

VERIFIED COMPLAINT AND JURY DEMAND
(ADA, Title VII, First Amendment, § 1983, USERRA, CSL § 75-b)

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 1983, Title VII (42 U.S.C. § 2000e), the Americans with Disabilities Act (42 U.S.C. § 12101), the Uniformed Services Employment and Reemployment Rights Act (USERRA) (38 U.S.C. § 4301), and New York Civil Service Law § 75-b.

2. Venue is proper under 28 U.S.C. § 1391 because the events occurred within the Southern District of New York and the Plaintiff resides in Queens County.

II. PARTIES

3. Plaintiff, Shawn O. Smith II, is a Correction Officer employed by the New York City Department of Correction (DOC) since 2007. He is a U.S. veteran and resides in Queens County, NY.

4. Defendant City of New York is a municipal entity responsible for employing and overseeing DOC officers and supervisors.

REC'D IN PRO SE OFFICE
JUN 26 '2  PM4:19

5. Defendant New York City Department of Correction (DOC) is Plaintiff's employer.

6. Defendant Captain Biggs mocked Plaintiff's religious headwear on October 25, 2024, in the AMKC Executive Corridor near the control room gates. When Plaintiff disclosed his mental health disabilities to explain overstimulation, she replied, "Why are you coming over here with your bullshit?" She further asked, "What religion is that?" and "Who did you notify in the EEOC office?" She then ordered Plaintiff to "Take that shit off your head," referring to his religious covering worn in accordance with a Nazirite vow to encapsulate his dreadlocks. Plaintiff told her it would be best to order a report, as he was overstimulated and could not continue the conversation. This hostile and profane treatment constitutes religious discrimination and disability retaliation under federal and local law.

7. Defendant Captain Olaniyan issued retaliatory charges, removed Plaintiff from post, and questioned him off-the-record while wearing a body camera about his firearms, despite a Temporary Order of Protection.

8. Defendant ADW Santiago held a disciplinary hearing without due process and attempted to force hospitalization without clinical justification.

9. Defendant Deputy Warden William Payne Jr. was used as the named authority in an email issued by Patricia Armand directing Plaintiff's reassignment, though Plaintiff believes he was not involved.

10. Defendant HMD Medical Officer (Name Unknown) disclosed Plaintiff's confidential health information and coerced unnecessary psychological evaluations.

11. Defendant Patricia Armand, Personnel Supervisor at OBCC, issued retaliatory scheduling and reassignment communications under DW Payne Jr.'s name.

12. Defendant SMART Unit denied Plaintiff's vacation requests and unilaterally placed him on unwanted leave, causing loss of accrued time.

13. Defendant DOC EEO Office ignored formal ADA and Title VII complaints and failed to prevent ongoing retaliation and discrimination.

14. Defendants John and Jane Does 1–10 include unknown DOC employees who participated in or enabled the discriminatory conduct described herein.

## III. FACTUAL ALLEGATIONS

15. Plaintiff is diagnosed with PTSD, Generalized Anxiety Disorder, and Depression.

16. In 2020, HMD forced Plaintiff to take psychotropic medications (Risperdal, Abilify, Lexapro) to transition from "sick status" to FMLA. He developed gynecomastia, insomnia, and ED as side effects.

17. On August 7, 2024, Plaintiff submitted ADA request RA20240480. On April 1, 2025, DOC assigned him to AMKC as the most appropriate post.

18. On October 25, 2024, at AMKC, Captain Biggs verbally mocked Plaintiff's dreadlock-covering worn as a religious garment aligned with the Nazirite vow. When Plaintiff attempted to explain that he was overstimulated and disclosed his diagnosed PTSD and GAD, she responded, "Why are you coming over here with your bullshit?" She demanded to know Plaintiff's religion and who he notified in EEO, then stated, "Take that shit off your head." This occurred in the Executive Corridor near the control room gates and is captured on surveillance.

19. Plaintiff de-escalated by requesting to be ordered to write a report.

20. Plaintiff filed complaints with DOC's EEO, DOI, and the EEOC (Charge No. 520-2025-01500). A Right-to-Sue letter was issued April 29, 2025.

21. On May 5 & 11, 2025, Captain Olaniyan issued threats and reassigned Plaintiff without cause.

22. On May 15, 2025, Olaniyan submitted a false disciplinary report

23. On or about May 16, 2025, while Plaintiff was stationed at AMKC during his regularly scheduled 0600x1431 tour, Captain Olaniyan appeared at the facility while off-duty, accompanied by another captain from OBCC, and ordered Plaintiff off post without justification. Captain Olaniyan, wearing a body camera, summoned Plaintiff to the control room and proceeded to question him about retrieving lawfully owned firearms from Pennsylvania and the location of his agency-issued off-duty handgun. These questions were unrelated to any active investigation, administrative matter, or facility operation, and were posed in a manner that was retaliatory, coercive, and procedurally improper. Captain Olaniyan further encouraged Plaintiff to retrieve firearms despite a Temporary Order of Protection that had been on file with the Department since October 2024 a directive that, if followed, could have subjected Plaintiff to criminal and administrative liability. This constituted an unlawful order in direct contradiction of a standing court directive. Plaintiff documented the encounter contemporaneously in the AMKC Main Kitchen Logbook on page 483 at 0900 hours, confirming he was removed from post without relief. The entire incident was also memorialized in a formal 600AR Addendum dated May 16, 2025, submitted under penalty of perjury to the Warden in Command. In that memorandum, Plaintiff requested preservation of surveillance and body-worn camera footage, citing retaliation, emotional distress, and a violation of privacy rights. Captain Olaniyan also

disclosed confidential legal and medical information to an uninvolved OBCC supervisor during the encounter, in violation of the ADA, NYC Human Rights Law, and Department confidentiality policy. Plaintiff was forced to reassert that he was psych-cleared and on full duty, despite this already being a matter of record, causing additional psychological distress and harmful rumination. This episode illustrates a coordinated and retaliatory campaign against Plaintiff for exercising his protected rights under the ADA and First Amendment. The Department took no corrective action, further demonstrating its deliberate indifference, failure to supervise, and a custom of permitting unlawful retaliation establishing Monell liability under 42 U.S.C. § 1983.

24. On May 19, 2025, Plaintiff was abruptly reassigned to OBCC. He filed a formal objection.

25. On May 22, 2025, at OBCC, ADW Santiago conducted a hearing without evidence or rebuttal and deemed Plaintiff unfit for duty.

26. Santiago attempted to send Plaintiff to the hospital under armed escort without a medical basis.

27. Within the same week, Olaniyan issued a second retaliatory AWOL report for April 21, 2025.

28. On May 23, 2025, Plaintiff filed a sworn 600AR memo detailing retaliation. DOC took no action.

29. On November 22, 2024, HMD forced Plaintiff into a virtual psychological exam despite no active clinical issue; the session was recorded.

30. On November 29, 2024, the same day Plaintiff was at HMD, a Medical Officer disclosed protected health info to Captain Young.

31. Later that day, Captain Taylor served Plaintiff with pre-trial hearing documents. Plaintiff had no knowledge of the charges until a union representative advised him.

32. On November 25, 2024, Plaintiff emailed DOC a memo reporting fraud, religious interference, retaliation, and due process violations.

33. In December 2024, Plaintiff attended an OATH pretrial hearing without accommodations. The meeting was captured on video and exacerbated his condition.

34. Plaintiff notified OATH on November 29, 2024 of his ADA conditions and requested accommodations. A clerk replied confirming no such hearing yet existed.

35. These events followed Plaintiff's Bronx Supreme Court filing. The OATH process was retaliatory and did not follow protocol.

36. Plaintiff's pay remains under direct deposit despite requests for paper checks. His account is frozen due to a tax warrant related to fraud.

37. DOC refuses to issue paper checks, worsening his financial and mental health.

38. The SMART Unit denied Plaintiff's leave requests and imposed forced vacation without consent.

39. Patricia Armand and SMART's conduct caused the use of leave time without benefit.

40. DOC assigned Plaintiff to firearm posts but failed to schedule range requalification, a legal requirement for peace officers under NYS law.

41. In December 2024, Plaintiff sought humanitarian aid at the VA Medical Center due to exacerbation caused by DOC.

42. Defendants have created a hostile work environment and retaliated for engaging in protected activity and requesting accommodations.

## IV. CLAIMS FOR RELIEF

Count I – Failure to Accommodate (ADA)
Count II – Retaliation (ADA & Title VII)
Count III – Religious Discrimination (Title VII & First Amendment)
Count IV – Due Process Violation (§ 1983)
Count V – Monell Liability (42 U.S.C. § 1983)
Count VI – Whistleblower Retaliation (CSL § 75-b)
Count VII – USERRA Violation (38 U.S.C. § 4311)

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare Defendants' actions unlawful;
B. Reinstate Plaintiff to AMKC or equivalent ADA-approved post;
C. Award compensatory damages for lost income, pain, suffering, and reputational harm;
D. Award punitive damages against individual Defendants in their personal capacities;
E. Enjoin further retaliation and violations;
F. Order preservation of all video footage from HMD, OBCC, and all DOC facilities;
G. Award fees and costs, or allow In Forma Pauperis status;

H. Grant such other relief as the Court deems just and proper.

VI. VERIFICATION

I, Shawn O. Smith II, the Plaintiff in the above-captioned action, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on this _26_ day of _June_ , 2025.

Signature: _SOS II_

Name: Shawn O. Smith II
Address: 21-20 34th Avenue, Apt. 4F
Long Island City, NY 11106
Phone: 518-347-7540
Email: sos.43@proton.me

 Gmail

Shawn Gallivant <sgallivant@gmail.com>

## Response: Your Civil Rights Division Report - 603778-VRP from the Employment Litigation Section

**DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>        Tue, Apr 29, 2025 at 11:44 AM
Reply-To: civilrightsdonotreply@mail.civilrights.usdoj.gov
To: sgallivant@gmail.com

 U.S. Department of Justice
**Civil Rights Division**                                                                  civilrights.justice.gov

603778-VRP

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Apr 29, 2025

Shawn Smith III

sgallivant@gmail.com

Re:    Shawn Smith III v. New York City Department of Corrections, et al.,
EEOC Charge No. 520-2025-01500

Dear Shawn Smith III,

You are receiving this notice because you filed the above charge(s) with the Equal Employment Opportunity Commission (EEOC), and you or your attorney specifically requested this notice.

Because either 180 days have passed since you filed the above charge(s), or because the EEOC has determined that it will not be able to conclude its administrative process within 180 days of the date it assumed jurisdiction of the charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):

- Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.

- Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq.

If you decide to file a lawsuit under the statute(s) identified above, **you must file it in the appropriate court within 90 days of receiving this Notice**. This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious. If you haven't already, you may want to consult

If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: New York District Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/newyork/location.

Sincerely,

Complaint Referral Unit
Employment Litigation Section
Civil Rights Division

CC: sgallivant@gmail.com, legal.intake@doc.nyc.gov, andrea.mancancela@eeoc.gov

## Contact

civilrights.justice.gov

U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

(202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf
(TTY) (202) 514-0716