```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 SHAWN O. SMITH, II,

                        Plaintiff,           MEMORANDUM & ORDER
                                             25-CV-3634 (EK)(SDE)
             -against-

 CITY OF NEW YORK, et al.,

                        Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

  Shawn O. Smith, II, filed this employment discrimination action in June. Representing himself, he moves to proceed *in forma pauperis*. ECF No. 2. On October 23, he moved for a temporary restraining order enjoining his employer from terminating him or altering the terms and conditions of his employment. ECF No. 6. For the reasons set forth below, his motion to proceed *in forma pauperis* is denied without prejudice. Accordingly, his emergency motion is also denied.

  Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350, with an additional administrative fee of $52, for a total fee of $402. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. Plaintiff's application indicates that he receives $6,000 in gross monthly pay, as well as financial assistance from relatives for monthly expenses. ECF No. 2, at 2, 4. His

application does not support a showing of indigency that would entitle him to proceed without the prepayment of fees.

Plaintiff has alleged that he is paying $60,000 this year in "[a]limony, maintenance, and support paid to others." *Id.* at 4. However, the Court cannot yet credit this allegation. Plaintiff appends no documentation showing that nearly his entire salary is being withheld to make child support payments. Indeed, New York law appears to cap the relevant deduction at sixty-five percent of "disposable earnings." N.Y. C.P.L.R. § 5241(g)(ii); *see also* 12 Alan D. Scheinkman, *New York Law of Domestic Relations* § 24:23 (Supp. 2025) (explaining that in executing support orders, the "maximum deduction permitted from disposable earnings" is sixty-five percent for debtors in arrears). Incomes may, of course, change in a manner that state court decrees do not immediately reflect; still, the Court requires more information to determine whether Plaintiff may proceed *IFP*. The *IFP* application is thus denied without prejudice to renew.

The motion for emergency relief must therefore also be denied. "28 U.S.C. § 1914 and § 1915 clarify that no civil action exists until *either* a plaintiff pays the required filing and miscellaneous fees *or* a court grants a plaintiff's motion to proceed without paying those fees . . . ." *Lockridge v. Progressive Ins.*, No. 18-CV-814, 2019 WL 807055, at *3 n.3

2

(W.D.N.Y. Feb. 21, 2019). Accordingly, we do not proceed to the merits of Plaintiff's motion for emergency relief at this time. *See, e.g.*, *Sankara v. Gonyea*, No. 18-CV-534, 2018 WL 3384460, at *3 (N.D.N.Y. June 8, 2018) ("In light of the denial of his [IFP] application, plaintiff's motion for preliminary injunctive relief must also be denied."); *Johnson-El v. Olivia*, No. 24-CV-9460, 2024 WL 5107362, at *2 (D.N.J. Dec. 13, 2024) (denying preliminary injunction and explaining that "[u]nless Plaintiff pays the filing fee or this Court grants him [IFP] status, this case will not proceed").[1]

Should Plaintiff wish to proceed with this action, he must either (1) pay the requisite filing fee to the Clerk of Court, or (2) submit a sufficient long-form *in forma pauperis* application. If he fails to take either step within fourteen days, this action will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court

---

[1] *See also DeFreitas v. New York*, No. 24-CV-7813, 2024 WL 4854993, at *2 (E.D.N.Y. Nov. 21, 2024) (denying emergency relief "with leave to renew upon payment of the filing fee"); *Tafari v. Prack*, No. 12-CV-703, 2012 WL 2571305, at *1 n.4 (N.D.N.Y. July 3, 2012) ("In light of the court's decision to deny . . . [IFP] status, [plaintiff's] motion for [emergency relief] is denied with leave to renew after the filing fee is paid.").

is respectfully directed to mail a copy of this order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

       /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    October 26, 2025
           Brooklyn, New York